UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TIMOTHY ADAMS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 18-12175 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner Timothy Adams is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court will dismiss the Petition for lack of jurisdiction. The Court will, however, transfer Petitioner's Fair Sentencing Act claim to the United States District Court for the Middle District of North Carolina.

## I.    BACKGROUND

The Court will construe the factual allegations in the Petition as true for the purpose of this Opinion. In 1995, after a trial, a jury convicted Petitioner of conspiracy with intent to distribute in excess of fifty grams of cocaine base. Thereafter, the United States District Court for the Middle District of North Carolina sentenced Petitioner to life in prison and a term of supervised release for ten years. In August of 2016, then President Barack H. Obama commuted Petitioner's sentence to 360 months in prison.

Petitioner filed the instant Petition, contending that the sentencing judge impermissibly found a fact that increased his mandatory minimum sentence. Petitioner also asks that the Court reduce his sentence, pursuant to a retroactive application of the Fair Sentencing Act of 2010.

## II. STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III. DISCUSSION

Petitioner challenges his conviction and sentence in this 28 U.S.C. § 2241 federal habeas action, as well as seeks a reduction in his sentence through the Fair Sentencing Act of 2010. Generally, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would

2

prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Here, Petitioner fails to allege facts sufficient to bring his conviction within the *Dorsainvil* exception. Petitioner does not allege that he is "actually innocent" as a result of a retroactive

3

change in substantive law that negates the criminality of his conduct. Rather, Petitioner's claim is that the district court improperly accepted a presentence report's finding that the conspiracy involved more than 1.5 kilograms of cocaine base, and as a result, the court unconstitutionally enhanced his sentence.

Such an argument is insufficient to fall within the *Dorsainvil* exception because it argues that Petitioner is actually innocent *of a sentencing enhancement* as opposed to being actually innocent of the crime for which he was convicted. *See, e.g.*, *United States v. Brown*, 456 Fed. App'x 79, 81 (3d Cir. 2012); *Maher v. Fed. Bureau of Prisons*, No. 18-2348, 2018 WL 2095594, at *2 (D.N.J. May 7, 2018) (citing cases).

Further, the Court finds that these allegations, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication." *Cradle*, 290 F.3d at 538; *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009). To the extent that Petitioner relies on *Alleyne v. United States*, 570 U.S. 99, 102 (2013), to allege that § 2241 is inadequate or ineffective, the Court rejects that argument.

In *Alleyne,* the Supreme Court held that a jury must find beyond a reasonable doubt, any fact that increases the mandatory minimum sentence for a crime. *Id*. The Third Circuit, however, has consistently held that "§ 2255 is not inadequate or ineffective for a prisoner to raise" *Alleyne* claims, and in turn, this Court does not have jurisdiction under § 2241 to adjudicate Petitioner's *Alleyne* claim. *Sacksith v. Warden Canaan USP*, 552 F. App'x 108, 109 (3d Cir. 2014); *see also Olivier-Diaz v. Warden Fort Dix FCI*, 562 F. App'x 65, 66 (3d Cir. 2014). Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain this challenge to Petitioner's sentence.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.  Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Fourth Circuit to file a second or successive petition.  28 U.S.C. § 2244(b)(3).  This Court finds that it is not in the interests of justice to transfer this claim to the Fourth Circuit as it does not appear that Petitioner can satisfy the requirements of § 2244(b)(2).[1]  However, this Court's decision to not transfer the case does not prevent Petitioner seeking permission from the Fourth Circuit on his own.

Turning then to Petitioner's request to reduce his sentence through the Fair Sentencing Act of 2010, made retroactive through the First Step Act of 2018, the Court construes this request as a motion to reduce sentence.  Petitioner, however, must file such a motion in his sentencing court, the United States District Court for the Middle District of North Carolina. 18 U.S.C. § 3582(c).  Accordingly, this Court does not have jurisdiction to hear Petitioner's Fair Sentencing Act claim but finds that it is in the interest of justice to transfer this claim to the Middle District of North Carolina. 28 U.S.C. § 1631 ("[T]he court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed.").

---

[1] The Third Circuit has "held that *Alleyne* is not retroactive to cases on collateral review. *United States v. Reyes*, 755 F.3d 210, 212–13 (3d Cir. 2014). *Alleyne* therefore, does not provide a basis for an appellate court to authorize a second § 2255 motion." *Younge v. Warden Fort Dix FCI*, 592 F. App'x 69, 70–71 (3d Cir. 2015).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction, but transfer Petitioner's Fair Sentencing Act claim to the United States District Court for the Middle District of North Carolina. An appropriate Order follows.

DATED: December 26, 2019

                                                              s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge